PER CURIAM.
The final judgment challenged on this appeal provides:
“THIS ACTION was tried without a jury on December 17, 1986 upon the Plaintiffs’ Complaint, the Defendant’s Answer and Affirmative Defenses, and the stipulation and matters raised at trial between counsel for the respective parties.
“This controversy arose out of the purchase by Plaintiffs from Defendant of two video games which (were not to be used in Plaintiffs’ home but) were to be and were placed in a commercial retail location for income production for the Plaintiffs.
“The Plaintiffs had placed a call to the Defendant to inquire about the machines in response to an advertisement and as part of their investigation of different business ventures. A salesman went to see Plaintiffs at their home in response to the Plaintiffs’ call to the Defendant. At the first meeting between Plaintiffs and Defendant’s salesman, the machines were discussed but no purchase occured [sic]. Approximately a week later, at their second meeting, on October 11, 1983, the Plaintiffs purchased the two video games for the sum of $10,395.00. The games were delivered to a retail location agreed to by the Plaintiffs within a few days thereafter.
*1102 “By letter dated March 26, 1984, sent to an address not being the Defendant’s, but, which letter was ultimately transferred to an agent of the Defendant; the Plaintiffs demanded return of the purchase price. At the time of the said demand for the return of the purchase price, the Plaintiffs had possessed and used the games for over six (6) months and had used same for earning income.
“The Plaintiffs based their claim for the return of the purchase price on Sections 501.021 through 501.055, Florida Statutes.
“The court finds for the Defendant against the Plaintiffs and finds further that the Plaintiffs failed to prove the applicability of Sections 501.021 through 501.055, Florida Statutes, to the purchase of the Plaintiffs or that said Sections entitled Plaintiffs to the return of their purchase price under the facts of this cause.
“The court further finds that the purchase was not one of consumer goods subject to Sections 501.021 through 501.-055, Florida Statutes.
“IT IS ADJUDGED that Plaintiffs, CLARK EVANS and SUE EVANS, take nothing by this action and that the Defendant, ARCADE MANAGEMENT CORPORATION, go hence without day. There are no recoverable costs by the Defendant in this action.”
We agree with the trial court that the goods in question are not goods intended to be covered by the Home Solicitation Sale Statute and thus do not reach the question whether, because the solicitation in the present case did not originate in the home, but merely concluded there with the signing of the contract, the solicitation is one covered by the statute.[1] The final judgment under review is, accordingly,
Affirmed.

. Section 501.021(2), Fla.Stat. (1983), defines “[h]ome solicitation sale” as
"any consumer credit sale of goods or services made pursuant to an installment contract, loan agreement, other evidence of indebtedness, or a cash sale or other consumer credit sale in excess of $25, which includes all interest, service charges, finance charges, postage, freight, insurance, and service or handling charges, in which the seller or a person acting for him engages in a personal solicitation of the sale at a place other than at the seller’s fixed location business establishment where goods or services are offered or exhibited for sale, and the buyer’s agreement or offer to purchase is given to the seller and the sale is consummated at a place other than at the seller’s fixed location business establishment, including a sales transaction unsolicited by the consumer and consummated by telephone and without any other contact between the buyer and the seller or its representative prior to delivery of the goods or performance of the services. It does not include a sale made at any fair or similar commercial exhibit.”